# United States Court of Appeals for the Fifth Circuit

_____

No. 24-60645
Summary Calendar
_____

United States Court of Appeals
Fifth Circuit
**FILED**
February 3, 2026
Lyle W. Cayce
Clerk

Oscar Antonio Bermudes-Osorto,

*Petitioner*

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A098 120 797
_____

Before Jones, Duncan, and Douglas, *Circuit Judges*.

Per Curiam:[*]

  Oscar Antonio Bermudes-Osorto, a native and citizen of El Salvador, was ordered removed in absentia after he failed to appear at his scheduled hearing in September 2004. He petitions for review of the decision of the Board of Immigration Appeals (BIA) affirming the Immigration Judge's (IJ) denial of his 2023 motion to reopen his proceedings and rescind the in

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-60645

absentia removal order. The motion sought rescission of his in absentia order of removal pursuant to 8 U.S.C. § 1229a(b)(5)(C)(ii).

Bermudes-Osorto contends the BIA abused its discretion when it denied his motion to reopen and rescind the removal order. He further asserts the BIA committed legal error by not considering all of the arguments and evidence he presented in his BIA brief, including his arguments that: (1) the IJ incorrectly applied a heightened evidentiary standard; (2) he did not receive notice of his September 2004 hearing; and (3) 8 C.F.R. § 1003.23(b)(3) is ultra vires, requiring only that a motion to reopen is supported by either sworn affidavits or other evidence.

We review the BIA's denial of a motion to reopen under a highly deferential abuse-of-discretion standard. *Ovalles v. Rosen*, 984 F.3d 1120, 1123 (5th Cir. 2021). Bermudes-Osorto has not demonstrated that the BIA abused its discretion by affirming the IJ's order denying the motion to reopen his proceedings and rescind the removal order. *See Campos-Chaves v. Garland*, 602 U.S. 447, 450, 457 (2024); *Luna v. Garland*, 123 F.4th 775, 779 (5th Cir. 2024); *Ovalles*, 984 F.3d at 1123.

The petition for review is DENIED.